**FILED**

**FEBRUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 1116**

| | | |
|---|---|---|
| BRIDGEPORT PAIN CONTROL CENTER, LTD., | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Notice of Removal |
| | ) | |
| CUTERA, INC. and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGE HIBBLER**
**MAGISTRATE JUDGE BROWN**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331 and 1441(b), Defendant Cutera, Inc. ("Cutera") hereby removes this action to federal court, and in support of its removal states as follows:

1.  On January 24, 2008, this action was commenced in the Circuit Court of Cook County, Illinois, Chancery Division (the "State Court"), entitled *Bridgeport Pain Control Center, Ltd. v. Cutera Inc. and John Does 1 through 10,* Case No. 08 CH 03121. The Complaint asserts three causes of action based on the claim that Cutera allegedly sent unsolicited facsimile transmissions advertising its services (1) in violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act (the "TCPA"), (2) in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, and which (3) resulted in common law conversion of ink and paper owned by Plaintiff. Plaintiff purports to bring this action on behalf of a nationwide class. A copy of the Complaint is attached as Exhibit A hereto. Cutera was served with a copy of the Summons and Complaint on January 28, 2008.

2.  As explained below, this action may be removed pursuant to 28 U.S.C. §§ 1331 and 1441(b). In the alternative, this action may also be removed under 28 U.S.C. §§ 1332(d)(2)(A) and 1441(a).

Federal Question Jurisdiction

3.    This action is one "arising under" a federal statute, the TCPA, and thus is removable pursuant to 28 U.S.C. § 1441(b) regardless of the citizenship of the parties or the amount in controversy. *See* 28 U.S.C. §§ 1331, 1441(b). The Seventh Circuit has held that federal question removal is proper for TCPA claims. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005). Pursuant to *Brill*, Cutera has an absolute right to remove this case under 28 U.S.C. §§ 1331 and 1441(b).

CAFA Jurisdiction

4.    In the alternative, this case is removable under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). It is a civil action in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a putative class action which satisfies minimum diversity in that a member of the Plaintiff class (here, the named Plaintiff) is a citizen of a different state than the state of which Cutera is a citizen. *See* 28 U.S.C. § 1332(d)(2)(A).

5.    Plaintiff purports to bring this action as a class action on behalf of "all persons or entities" who, without an established business relationship or prior consent, were "sent faxes by on or behalf of Cutera, Inc. promoting its goods or services for sale" between January 24, 2004 and February 13, 2008. *See* Compl. ¶ 23. Plaintiff alleges numerous putative class members, numbering at least 40 persons in Illinois alone. *See id.* ¶ 14. Plaintiff has also cited the statutory provision for treble damages, which could result in an award of $1,500 for every facsimile transmission found to violate the TCPA. *See id.* ¶ 18.

6.    Cutera does not admit that any facsimile transmission it sent may validly subject it to liability under the TCPA, nor does it waive any defenses with respect to any fax it has sent. Moreover, Cutera does not admit that this action may properly be brought as a class action or that any of Plaintiff's class allegations or other allegations have merit. With regard to the question of this Court's jurisdiction, however, Cutera sent at least 10,001 copies of the fax attached as Exhibit A to the complaint nationwide on or about December 12, 2007. *See*

2

Declaration of Laura Cunningham, attached hereto as Exhibit B, ¶ 4. Plaintiff's allegations purport to put all of these faxes at issue, making the amount "in controversy" at least $5,000,000 (10,001 x $1,500 = $15,001,500, or $5,000,500 without treble damages). *See* 28 U.S.C. § 1332(d)(6); *Brill*, 427 F.3d at 448-49. Of the more than 10,000 faxes sent to persons and/or entities nationwide, fewer than two-thirds of those persons or entities are Illinois citizens. *See* Cunningham Decl. ¶ 4. Thus, the exceptions to removal under 28 U.S.C. § 1332(d)(4) and (5) do not apply.

7.    Plaintiff alleges that it is a corporation with offices in Chicago. *See* Compl. ¶ 3. According to the Illinois Secretary of State's public records, plaintiff was incorporated in Illinois on February 1, 1996, and thus is a citizen of Illinois. 28 U.S.C. § 1332(c)(1). *See* Certificate of Good Standing, attached hereto as Exhibit C.

8.    Defendant Cutera is a Delaware corporation with its principal place of business in Brisbane, California, *see* Cunningham Decl. ¶ 2, and thus is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

9.    Because the Eastern Division of the United States District Court for the Northern District of Illinois has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A), it is removable pursuant to 28 U.S.C. § 1441(a). *See Brill*, 427 F.3d at 448-49 (holding that TCPA class action may be removed under CAFA).

10.    This Notice of Removal is timely filed within thirty days after the service of the Summons and Complaint on January 28, 2008.

11.    The Eastern Division of the United States District Court for the Northern District of Illinois is the Division of the District Court that embraces Cook County, Illinois, where the State Action is currently pending. *See* 28 U.S.C. § 93(a)(1).

12.    Pursuant to 28 U.S.C. § 1446(a), Defendant is required to file "a copy of all process, pleadings, and orders served upon" it. The pleadings and orders served to date are the complaint and summons, attached as Exhibit A hereto.

13.     Pursuant to 28 U.S.C. § 1446(d), Cutera will promptly notify Plaintiff and the State Court of this removal through a Notice of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit D.

14.     By filing this Notice of Removal, Cutera does not waive, either expressly or implicitly, any defenses it could have asserted in the State Court.

February 22, 2008                                    Respectfully submitted,

                                                     CUTERA, INC.

                                                     By:  /s/ Eric S. Mattson
                                                          One of its attorneys

                                                     Sidley Austin LLP
                                                     One South Dearborn St.
                                                     Chicago, Illinois 60603
                                                     (312) 853-7000

4

# EXHIBIT A

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-I-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

BRIDGEPORT PAIN CONTROL CENTER, LTD.,

v.

CUTERA, INC.,
and JOHN DOES 1-10

}

# 08CH03121

No. _____

Cutera, Inc.
c/o Kevin P. Connors, registered agent
3240 Bayshore
Brisbane, CA 94005

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____ , Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, **JAN 24 2008** _____ , _____

Atty. No.: 41106
Name: Edelman, Combs, Latturner & Goodwin LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street, 18th Floor
City/State/Zip: Chicago, IL 60603
Telephone: 312-739-4200

Service by Facsimile Transmission will be accepted at: _____

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

_____
(Area Code)  (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS 08CH03121
COUNTY DEPARTMENT, CHANCERY DIVISION

BRIDGEPORT PAIN CONTROL          )
CENTER, LTD.,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )
                                 )
CUTERA, INC.,                    )
and JOHN DOES 1-10,              )
                                 )
          Defendants.            )

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.    Plaintiff Bridgeport Pain Control Center, Ltd., brings this action to secure redress for the actions of defendant Cutera, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.     Plaintiff Bridgeport Pain Control Center, Ltd. is a corporation with offices in Chicago, Illinois, where it maintains telephone facsimile equipment.

4.     Defendant Cutera, Inc., is a Delaware corporation that has offices at 3240 Bayshore Blvd., Brisbane, CA 94005.

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b.     Have transacted business in Illinois.

## FACTS

7.     On December 12, 2007, plaintiff Bridgeport Pain Control Center, Ltd., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9.     Defendant Cutera, Inc., is responsible for sending or causing the sending of the faxes.

10.     Defendant Cutera, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.     Plaintiff had no prior relationship with defendant and had not authorized

2

the sending of fax advertisements to plaintiff.

12.     The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

13.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

### COUNT I – TCPA

16.     Plaintiff incorporates ¶¶ 1-15.

17.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

3

(C) both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20.     Plaintiff and each class member is entitled to statutory damages.

21.     Defendants violated the TCPA even if their actions were only negligent.

22.     Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

23.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cutera, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cutera, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant Cutera, Inc.

24.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25.     There are questions of law and fact common to the class that predominate

4

over any questions affecting only individual class members. The predominant common

questions include:

> a. Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

> b. The manner in which defendants compiled or obtained their list of

fax numbers;

> c. Whether defendants thereby violated the TCPA;

> d. Whether defendants thereby engaged in unfair acts and practices,

in violation of the ICFA.

> e. Whether defendants thereby converted the property of plaintiff.

26.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

27.    A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

28.    Several courts have certified class actions under the TCPA. Travel 100

Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004);

Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic

Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core

5

Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of

Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of

Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement

action).

29.     Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

a.     Actual damages;

b.     Statutory damages;

c.     An injunction against the further transmission of unsolicited fax

advertising;

d.     Costs of suit;

e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

30.     Plaintiff incorporates ¶¶ 1-15.

31.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

32.     Unsolicited fax advertising is contrary to the TCPA and also Illinois law.

720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois

residents.

33.     Defendants engaged in an unfair practice by engaging in conduct that is

6

contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

34.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35.    Defendants engaged in such conduct in the course of trade and commerce.

36.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

39.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cutera, Inc. promoting its goods or services for sale (d) and who did

7

not (according to defendant's records) either (i) have an established business relationship with defendant Cutera, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant Cutera, Inc.

40. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b. Whether defendants thereby violated the TCPA;

c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d. Whether defendants thereby converted the property of plaintiff.

42. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

8

44.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

45.    Plaintiff incorporates ¶¶ 1-15.

46.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

49.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

50.    Plaintiff and the class members were deprived of the paper and ink or

9

toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

51.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cutera, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cutera, Inc., or (ii) expressly consent to the receipt of advertising faxes from defendant Cutera, Inc.

53.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby committed the tort of conversion;

d.     Whether defendants thereby engaged in unfair acts and practices, in

10

violation of the ICFA.

        e.    Whether defendants thereby converted the property of plaintiff.

    55.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    56.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

    57.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.    Appropriate damages;

        b.    An injunction against the further transmission of unsolicited fax advertising;

        c.    Costs of suit;

        d.    Such other or further relief as the Court deems just and proper.

 

Daniel A. Edelman

11

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\20851\Pleading\Complaint_Pleading.wpd

**12**

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A

# Introducing the new Pearl Laser
## A New Laser Wavelength to Restore the Skin



The minimally invasive Pearl™ procedure renews the skin's surface by treating wrinkles, texture, brown pigment and sun damage with fewer treatments and less overall downtime than other technologies.

"What makes this stand apart from other technologies is at three or four days, the patients really have a fresh baby-bottom feel to their skin. That's where they realize the benefit and the dollar value for this procedure"
**Victor Ross, MD, Dermatologist, San Diego, CA**

"After my Pearl treatment, my skin felt smooth and my sun damage was finally gone. In fact, now I don't even need makeup."  **Wendy, patient.**

**Family Practice Physicians - many of your colleagues are now offering aesthetic procedures to increase their practice revenues.  You can too.**

Pearl, with YSGG technology, is the first application of the 2790 nm wavelength for cosmetic procedures.

---

**Request your complimentary Pearl Laser DVD and copy of Cutera's Pearl Clinical Roundtable paper - fax this form to 888-334-8444**

| Name | Specialty |
|---|---|
| Clinic Name | |
| Clinic Address | |
| City | State/Province   Zip/Postal |
| Phone | Fax |
| Email | |

To opt-out of future faxes write your fax number on this page and fax to 888-334-8444 or call 888-877-2656

**CUTERA**

Cutera Inc.  3240 Bayshore Boulevard, Brisbane, CA 94005  866-4-CUTERA

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRIDGEPORT PAIN CONTROL CENTER, LTD., | ) Case No. |
| | ) |
| | ) Judge |
| Plaintiff, | ) |
| | ) **DECLARATION OF LAURA** |
| vs. | ) **CUNNINGHAM IN SUPPORT OF** |
| | ) **CUTERA, INC.'S NOTICE OF** |
| CUTERA, INC. and JOHN DOES 1-10, | ) **REMOVAL** |
| | ) |
| Defendants. | ) |

I, Laura Cunningham, declare and state as follows:

1.     I am the Marketing Communications Manager for Cutera, Inc. ("Cutera"). I make this Declaration in support of Cutera's Notice of Removal. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called and sworn as a witness, could and would testify competently thereto.

2.     I am informed and believe based on my review of certain of Cutera's corporate documents, including the Articles of Incorporation, that Cutera is a Delaware corporation with its principal place of business at 3240 Bayshore Boulevard in Brisbane, California.

3.     As Marketing Communications Manager for Cutera, I am familiar with the facsimile attached as Exhibit A to the complaint in this action, as well as Cutera's practices regarding the transmission of that facsimile (Exhibit A) and other facsimiles similar to Exhibit A during the relevant time period identified in the complaint.

489550v.1

4.    Cutera transmitted copies of the facsimile attached as Exhibit A to the complaint to more than 10,001 persons and/or businesses nationwide on December 12, 2007.  Of those facsimiles, less than two-thirds were transmitted to Illinois residents, and none was sent outside the United States.

I declare under penalty of perjury under the laws of the United States and the State of California that the forgoing is true and correct, and that this Declaration is executed on this 21st day of February, 2008 at Brisbane, California.

Laura Cunningham

2

# EXHIBIT C



SERVICES        PROGRAMS        PRESS        PUBLICATIONS        DEPARTMENTS        CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| Entity Name | BRIDGEPORT PAIN CONTROL CENTER, LTD. | File Number | 58700487 |
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 02/01/1996 | State | ILLINOIS |
| Agent Name | ARDEN SWANSON | Agent Change Date | 02/02/2005 |
| Agent Street Address | 137 N OAK PARK AVE #320 | President Name & Address | PAUL LEVY 728 ARLINGTON ROAD RIVERSIDE 60546 |
| Agent City | OAK PARK | Secretary Name & Address | PAUL LEVY SAME |
| Agent Zip | 60301 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 01/18/2008 | For Year | 2008 |

**Return to the Search Screen**



(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# EXHIBIT D

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

BRIDGEPORT PAIN CONTROL CENTER, LTD., )
                                      )
            Plaintiff,                )    Case No. 08 CH 03121
                                      )
    v.                                )
                                      )
CUTERA, INC., and JOHN DOES 1-10,     )
                                      )
            Defendants.               )


**DEFENDANT CUTERA, INC.'S NOTICE OF FILING NOTICE OF REMOVAL**

TO PLAINTIFF BRIDGEPORT PAIN CONTROL CENTER, LTD. AND ITS

ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on February 22, 2008, Defendant Cutera, Inc.

caused this action to be removed to the United States District Court for the Northern District of

Illinois, Eastern Division.  A copy of the Notice of Removal is attached hereto and is served and

filed herewith.  This notice is being provided pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

CUTERA, INC.

By:_____
        One of its attorneys

Eric S. Mattson
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated:  February 22, 2008

## CERTIFICATE OF SERVICE

Eric S. Mattson, an attorney, hereby certifies that a copy of the foregoing Notice of

Removal was served upon the attorneys listed below via U.S. mail, first-class postage prepaid, on

February 22, 2008:

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL  60603


/s/ Eric S. Mattson