UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIDGEPORT PAIN CONTROL CENTER, LTD., <br><br> Plaintiff, <br><br> v. <br><br> CUTERA, INC., and JOHN DOES 1-10, <br><br> Defendants. | Case No. 08 C 1116 <br><br> Hon. William J. Hibbler |

## DEFENDANT CUTERA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Cutera, Inc. ("Defendant" or "Cutera") hereby answers plaintiff Bridgeport Pain Control Center, Ltd.'s Complaint (the "Complaint") as follows:

1. Plaintiff Bridgeport Pain Control Center, Ltd., brings this action to secure redress for the actions of defendant Cutera, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

**RESPONSE:** Defendant admits that plaintiff purports to seek redress under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Consumer Fraud Act"), and the common law tort of conversion in connection with alleged advertisements that Defendant sent, or caused to be sent, via facsimile. Defendant denies any violation of the TCPA, the Consumer Fraud Act, or the common law, and denies all remaining allegations of Paragraph 1.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized

faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**RESPONSE:** Defendant admits that the TCPA prohibits some, but not all, fax advertising. With respect to the remaining allegations of Paragraph 2, Defendant admits that some or all of these allegations may be true as to any given recipient of fax advertising, but lacks knowledge or information sufficient to form a belief as to whether they are true as to plaintiff or as to any other particular member of the putative class.

3.  Plaintiff Bridgeport Pain Control Center, Ltd. is a corporation with offices in Chicago, Illinois, where it maintains telephone facsimile equipment.

**RESPONSE:** Defendant admits that plaintiff is a corporation with offices in Chicago, Illinois. Defendant lacks knowledge or information sufficient to form a belief as to whether plaintiff "maintains telephone facsimile equipment," as opposed to a computer capable of receiving faxes, at its Chicago offices.

4.  Defendant Cutera, Inc., is a Delaware corporation that has offices at 3240 Bayshore Blvd., Brisbane, CA 94005.

**RESPONSE:** Defendant admits the allegations of Paragraph 4.

5.  Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.  Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:
    a.  Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.
    b.  Have transacted business in Illinois.

**RESPONSE:** Defendant admits that it has transacted business in Illinois and is subject to personal jurisdiction in this Court for purposes of this action. Defendant denies the remaining allegations of Paragraph 6.

7.  On December 12, 2007, plaintiff Bridgeport Pain Control Center, Ltd., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**RESPONSE:** Defendant admits that on December 12, 2007, it caused to be sent to plaintiff via facsimile a copy of the document attached as Exhibit A to the Complaint. Defendant lacks

2

knowledge or information sufficient to form a belief as to whether the document was received by plaintiff on that date or whether, assuming is was received, it was received on a "facsimile machine," as opposed to a computer capable of receiving faxes.

    8.    Discovery may reveal the transmission of additional faxes as well.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

    9.    Defendant Cutera, Inc., is responsible for sending or causing the sending of the faxes.

**RESPONSE:** Defendant admits that it has sent, or caused to be sent, faxes in addition to the one attached as Exhibit A to the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9.

    10.    Defendant Cutera, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

    11.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

    12.    The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

**RESPONSE:** Defendant admits that the document attached as Exhibit A to the Complaint has a "remove" number at the bottom. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12.

    13.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**RESPONSE:** Defendant admits that copies of the document attached as Exhibit A to the Complaint were sent to recipients in addition to plaintiff. Defendant denies the remaining allegations of Paragraph 13.

14. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**RESPONSE:** Defendant admits that it transmitted via facsimile the document attached as Exhibit A to at least 40 other persons in Illinois. Defendant denies the remaining allegations of Paragraph 14.

15. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**RESPONSE:** Defendant denies the allegations of Paragraph 15.

16. Plaintiff incorporates ¶¶ 1-15.

**RESPONSE:** Defendant reasserts its answers to the allegations set forth in Paragraphs 1-15 above.

17. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

**RESPONSE:** Defendant admits that plaintiff has quoted a portion of the TCPA, but denies that it has quoted all relevant portions of the statute.

18. The TCPA, 47 U.S.C. §227(b)(3), provides:
Private right of action.
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
    (C) both such actions.
If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**RESPONSE:** Defendant admits that plaintiff has quoted a portion of the TCPA, but denies that it has quoted all relevant portions of the statute.

19. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

**RESPONSE:** Defendant denies the allegations of Paragraph 19. In addition, Defendant denies that this action may be properly brought as a class action or that any class may be properly certified.

20. Plaintiff and each class member is entitled to statutory damages.

**RESPONSE:** Defendant denies the allegations of Paragraph 20.

21. Defendants violated the TCPA even if their actions were only negligent.

**RESPONSE:** Defendant denies the allegations of Paragraph 21.

22. Defendants should be enjoined from committing similar violations in the future.

**RESPONSE:** Defendant denies the allegations of Paragraph 22.

23. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cutera, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cutera, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant Cutera, Inc.

**RESPONSE:** Defendant admits that plaintiff purports to bring this case as a putative class action with a class as defined in paragraph 23, but denies that class treatment is proper or that any class may be properly certified. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 23.

24. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include;
    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
    b. The manner in which defendants compiled or obtained their list of fax numbers;
    c. Whether defendants thereby violated the TCPA;
    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.
    e. Whether defendants thereby converted the property of plaintiff.

**RESPONSE:** Defendant denies the allegations of Paragraph 25.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**RESPONSE:** Defendant denies the allegations of Paragraph 27.

28. Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group LLC v. Young, 792 N.E.2d 547 (Ind. App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga. App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**RESPONSE:** Defendant admits that some courts, in other cases, have certified classes under the TCPA under the particular facts of those cases. None of the cases cited in Paragraph 28 certified classes under Rule 23 of the Federal Rules of Civil Procedure. Instead, they either involved state statutes and rules or, in the one federal case cited by plaintiff, did not involve class certification at all. Moreover, numerous other cases have denied class certification of TCPA claims. Defendant denies that this case may be properly brought as a class action or that any class may be properly certified here.

29. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**RESPONSE:** Defendant denies the allegation of Paragraph 29.

30. Plaintiff incorporates ¶¶ 1-15.

**RESPONSE:** Defendant reasserts its answers to the allegations set forth in Paragraphs 1-15 above.

31. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

6

**RESPONSE:** Defendant denies the allegation of Paragraph 31.

32.  Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

**RESPONSE:** Defendant denies plaintiff's unqualified characterization of the TCPA and Illinois law. Defendant admits that 720 ILCS 5/26-3(b) makes it a petty offense in Illinois to "knowingly use a facsimile machine to send or cause to be sent to another person a facsimile of a document containing unsolicited advertising or fund-raising material, except to a person which the sender knows or under all the circumstances reasonably believes has given the sender permission, either on a case by case or continuing basis, for the sending of such material." Except as expressly admitted herein, Defendant denies the allegations of Paragraph 32.

33.  Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

**RESPONSE:** Defendant denies the allegation of Paragraph 33.

34.  Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

**RESPONSE:** Defendant denies the allegation of Paragraph 34. Defendant further denies that this case may be properly brought as a class action, or that any class may be properly certified.

35.  Defendants engaged in such conduct in the course of trade and commerce.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.  Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due." Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

**RESPONSE:** Defendant admits that plaintiff quotes portions of the Congressional Record concerning the enactment of the TCPA, but denies that plaintiff has quoted all relevant portions thereof, or that the particular quotation fully and accurately describes the Congressional Record

regarding the TCPA in general or the comments of Congressman Markey in particular. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 36.

37. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

**RESPONSE:** Defendant denies the allegations of Paragraph 37.

38. Defendants should be enjoined from committing similar violations in the future.

**RESPONSE:** Defendant denies the allegation of Paragraph 38.

39. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cutera, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cutera, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant Cutera, Inc.

**RESPONSE:** Defendant admits that plaintiff purports to bring this case as a putative class action with a class as defined in Paragraph 39, but denies that class treatment is proper or that any class may be properly certified. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 39.

40. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:
    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
    b. Whether defendants thereby violated the TCPA;
    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.
    d. Whether defendants thereby converted the property of plaintiff.

**RESPONSE:** Defendant denies the allegations of Paragraph 41.

42. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**RESPONSE:** Defendant denies the allegations of Paragraph 43.

44. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**RESPONSE:** Defendant denies the allegation of Paragraph 44.

45. Plaintiff incorporates ¶¶ 1-15.

**RESPONSE:** Defendant reasserts its answers to the allegations set forth in Paragraphs 1-15 above.

46. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

**RESPONSE:** Defendant denies the allegation of Paragraph 46. Defendant further denies that this case may be properly brought as a class action or that any class may be properly certified.

47. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

48. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

**RESPONSE:** Defendant denies the allegations of Paragraph 48.

49. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

**RESPONSE:** Defendant denies the allegation of Paragraph 49.

50. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

**RESPONSE:** Defendant denies the allegations of Paragraph 50. Defendant further denies that this case may be properly brought as a class action or that any class may be properly certified.

51. Defendants should be enjoined from committing similar violations in the future.

**RESPONSE:** Defendant denies the allegation of Paragraph 51.

52. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Cutera, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant Cutera, Inc., or (ii) expressly consent to the receipt of advertising faxes from defendant Cutera, Inc.

**RESPONSE:** Defendant admits that plaintiff purports to bring this case as a putative class action with a class as defined in Paragraph 52, but denies that class treatment is proper or that any class may be properly certified. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 52.

53. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:
   a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
   b. Whether defendants thereby violated the TCPA;
   c. Whether defendants thereby committed the tort of conversion;
   d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.
   e. Whether defendants thereby converted the property of plaintiff.

**RESPONSE:** Defendant denies the allegations of Paragraph 54.

55. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**RESPONSE:** Defendant denies the allegations of Paragraph 56.

57. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**RESPONSE:** Defendant denies the allegation of Paragraph 57.

## AFFIRMATIVE AND SEPARATE DEFENSES

Defendant Cutera asserts the separate and affirmative defenses set forth below. By designating the following defenses as separate and affirmative defenses, Defendant does not concede that the defenses are necessarily affirmative defenses or that Defendant has the burden of proof with respect to any of them.

### First Defense

### (Failure to State a Claim)

The Complaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted.

### Second Defense

### (No Standing)

Plaintiff does not have standing to pursue this action under the TCPA.

### Third Defense

### (Individual Showing Required)

Defendant cannot be liable under the TCPA for faxes that were not sent to "telephone facsimile machines" as defined by the TCPA, and a plaintiff under the TCPA must show that each and every allegedly unsolicited advertisement was received by a "telephone facsimile machine." Plaintiff cannot make such a showing here.

### Fourth Defense

### (Lawful Transmissions)

Defendant cannot be liable under the TCPA for sending faxes unless plaintiff can prove that they were "unsolicited advertisements" under the TCPA. Thus, Defendant cannot be liable for sending faxes that it was given prior express invitation or permission to send, faxes that were not commercial in nature, faxes that were transactions in business or other relationships, or faxes that otherwise fall outside of the TCPA's definition of "unsolicited advertisement." Defendant also cannot be held liable for sending faxes to recipients with whom it had an established business relationship.

### Fifth Defense

### (No Private Right of Action)

Defendant cannot be liable to private parties under sections of the TCPA that do not provide a private right of action.

### Sixth Defense

### (Free Speech)

Holding Defendant liable for sending faxes to recipients who wished to receive them or did not object to receiving them would violate the First Amendment of the United States Constitution and similar provisions of various state constitutions.

### Seventh Defense

### (No Third-Party Liability)

Defendant cannot be held liable for the actions of third parties.

### Eighth Defense

### (Failure to Mitigate Damages)

Any recovery against Defendant must be reduced to the extent plaintiff has failed to mitigate, minimize, or otherwise avoid its claimed damages.

### Ninth Defense

### (Estoppel)

A claim under the TCPA is barred by estoppel if the recipient received a benefit related to the facsimile.

### Eleventh Defense

### (Due Process)

Awarding damages to a class under the TCPA would violate the Fifth Amendment and Eighth Amendment of the United States Constitution and similar provisions of various state constitutions.

### Twelfth Defense

### (Unconstitutional Statute)

The TCPA violates the First Amendment, Fifth Amendment, and Eighth Amendment of the United States Constitution.

### Prayer for Relief

WHEREFORE, Defendant Cutera, having answered the allegations of the Complaint and having set forth its defenses thereto, respectfully requests that this Court enter judgment in its favor, as follows:

(1) dismissal with prejudice of all claims in plaintiff's Complaint;

(2) that plaintiff takes nothing by reason of the Complaint;

(3) that a judgment for costs, including attorneys' fees, be entered in favor of Cutera; and

(4) such other and further relief as the Court deems proper.

Dated: February 29, 2008				Respectfully submitted,

						CUTERA, INC.


					By:	/s/ Eric S. Mattson
						One of its attorneys

						Eric S. Mattson
						Sidley Austin LLP
						One South Dearborn Street
						Chicago, IL 60603
						(312) 853-7000
						emattson@sidley.com

## **CERTIFICATE OF SERVICE**

Eric S. Mattson, an attorney, hereby certifies that a copy of the foregoing Defendant Cutera, Inc.'s Answer and Affirmative Defenses was served upon the attorneys listed below via the Court's CM/ECF electronic filing system on February 29, 2008:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL  60603

/s/ Eric S. Mattson