HtN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIDGEPORT PAIN CONTROL )
CENTER, LTD., )
 )
        Plaintiff, ) Case No. 08-C1116
 )
vs. ) Judge Hibbler
 )
CUTERA, INC. and JOHN DOES 1-10, ) Magistrate Judge Brown
 )
        Defendants. )

## ORDER GOVERNING CONFIDENTIALITY

For good cause shown, it is this 28th day of MAY, 2008, by the United States District Court for the Northern District of Illinois, ORDERED:

    1.    **Scope.** This Order shall govern all documents, testimony, and other discovery materials produced by any person in response to any method of discovery conducted by Bridgeport Pain Control Center, Ltd. ("Plaintiff") or Cutera, Inc. ("Cutera") in the above-captioned matter.

    2.    **Confidential Information.** Whenever in the exercise of careful judgment and in good faith any party to this action determines that any part of any response to a request for discovery should be treated as confidential because it is believed to contain trade secrets or confidential research, financial, commercial, or personal information ("Confidential Information"), that party shall have the right to designate the information as "Confidential." Documents claimed by the producing party to contain Confidential Information shall, prior to production, be marked as "Confidential." Placement of the "Confidential" designation on each protected page when it is produced shall constitute notice to all other persons that the document

contains Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential Information shall also be deemed Confidential Information and shall be subject to this Order.

  3. **Depositions.** Depositions, or portions of depositions, may be designated as Confidential Information either by the deponent or by any attorney attending or participating in the deposition. A person claiming that a deposition or any portion of a deposition contains Confidential Information shall give notice of that claim to the parties to the action either during the deposition or within 30 days of the receipt of the transcript. Following such notice, the testimony and transcript of the deposition or portion thereof shall be designated as Confidential Information.

  4. **Restrictions on Use of Confidential Information.** Confidential Information may be used or referred to only in the instant lawsuit. It may not be used or in any way communicated to anyone, including but not limited to other attorneys or other litigants, for any purpose other than to prosecute or defend against the claims asserted in this litigation. Confidential Information may be disclosed only as follows:

    (a) to counsel for a party in this action, and to secretaries, paralegals, law clerks, and other staff employed by the offices of such counsel to whom it is appropriate that the Confidential Information be disclosed for purposes of this action;

    (b) to the named parties to this litigation, including the management of Bridgeport and the in-house counsel and management of Cutera;

    (c) to the Court and its personnel, including but not limited to court reporters during the trial of the above-captioned action;

    (d)    to court reporters, videographers, and their staffs engaged for depositions in this action;

    (e)    to any person who is retained by a party as a consultant, adviser or expert in connection with this action, provided that Confidential Information shall only be disclosed to any such person: (1) to the extent appropriate for that person to perform his or her work in connection with the action; and (2) if such person is given a copy of this Order and signs an undertaking in the form of Exhibit A hereto;

    (f)    to party and non-party deponents, if: (1) the attorney making the disclosure advises the deponent that this Order bars the deponent from divulging Confidential Information; and (2) the Confidential Information is not left in the possession of the deponent, unless the deponent signs the undertaking in the form of Exhibit A hereto; and

    (g)    to any mediator before whom the parties mediate the claims asserted in the above-captioned action.

5.    **Requirement to Furnish Exhibit A Upon Request.** Executed undertakings in the form of Exhibit A shall be furnished to counsel for the parties to this action upon request. However, undertakings in the form of Exhibit A executed by consultants, advisers or experts pursuant to Paragraph 4(e) above need not be produced to opposing counsel until they are designated as testifying experts in the action or by court order.

6.    **Exclusion of Unauthorized Persons from Depositions.** If Confidential Information is to be discussed or disclosed during a deposition, the producing party or any party to this action shall have the right to exclude from attendance at the deposition, during the time

the Confidential Information is to be discussed or disclosed, any person not authorized by this Order to receive the Confidential Information.

7. **Use of Party's Own Confidential Information.** Nothing in this Order shall prevent the producing party from using or disclosing its own Confidential Information in any way it deems appropriate.

8. **Filing of Confidential Materials.** To the extent that any materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed with the Court, the Parties shall adhere to Local Rules 5.8 and 26.2, the ECF Procedures Manual, and all other applicable local rules of the United States District Court for the Northern District of Illinois regarding the filing of confidential motions or documents.

9. **Inadvertent Error.** Inadvertent failure to designate documents, information, or testimony as Confidential Information shall not constitute a waiver to so designate such documents, information, or testimony at a later time, provided that such designation is made promptly upon the discovery of the need to make such designation.

10. **Disputes Over Designation as Confidential Information.** If any party objects to the designation of any material as Confidential Information, that party and the designating party shall meet and confer in good faith in an effort to informally resolve their dispute. If the parties are unable to reach a resolution, the party objecting to the designation must file a motion with the court objecting to the designation. The Confidential Information in question shall maintain its protection pursuant to this Order throughout the procedure described in this paragraph until the Court rules on the motion.

11. **Disputes Over Access to Confidential Information.** If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party

seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the Confidential Information.

12. **Copies of Confidential Information.** No copies of Confidential Information shall be made except on behalf of counsel in this case. In making copies of Confidential Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those entitled to access to the Confidential Information under Paragraph 4 above.

13. **Subpoenas.** If Confidential Information is subpoenaed by any person other than those to whom such Confidential Information may be disclosed pursuant to paragraph 4 above, the person to whom the subpoena is directed shall give prompt written notice thereof (including a copy of the subpoena) to the party who designated the information as Confidential. No Confidential Information shall be disclosed during the pendency of a motion to quash the subpoena, a motion for a protective order, or a motion otherwise seeking to enforce this Order or prevent disclosure of the Confidential Information.

14. **Non-Waiver of Rights and Objections.** Nothing in this Order shall constitute a waiver of any objection to the discoverability or admissibility of any Confidential Information or preclude the parties from seeking any additional available protection with respect to any Confidential Information.

15. **Termination of Proceedings.** The termination of proceedings in this action shall not relieve the persons described in Paragraph 4 above from maintaining the confidentiality of the Confidential Information. Upon written request of the party that designated material as Confidential Information, the parties to whom Confidential Information was disclosed: (a) shall either destroy the documents containing Confidential Information or return them to the

5

designating party at the designating party's option; and (b) shall certify to the designating party that they have destroyed or returned such documents. Notwithstanding the above, counsel to the above-captioned parties may retain a set of pleadings, exhibits, and attorney work product for archival purposes.

DATED: 5/28/08     BY THE COURT: _____
                                 Hon. William J. Hibbler

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIDGEPORT PAIN CONTROL CENTER, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> CUTERA, INC. and JOHN DOES 1-10, <br><br> Defendants. | Case No. 08 C 1116 <br><br> Judge Hibbler <br><br> Magistrate Judge Brown |

The undersigned hereby states as follows:

1. I have read the Protective Order entered in the above-captioned matter.

2. I agree to be bound by the terms of the Protective Order.

3. I understand that, pursuant to the Protective Order, I shall not divulge any Confidential Information except in connection with this lawsuit, and that I will not use the information for any purpose unrelated to this lawsuit.

4. I understand that I am subject to penalties, including citation for contempt of court, if I violate my obligations under the Protective Order, and I consent to the above Court's jurisdiction for this purpose.

Signed: _____

Print Name: _____

Date: _____