IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Bridgeport Pain Control Center, LTD.,

        Plaintiff,

v.

Cutera, Inc., and John Does 1-10,

        Defendants.

No. 08 C 1116

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Plaintiff Bridgeport Pain Control Center, Ltd. seeks leave of this Court to amend its complaint pursuant to Federal Rule of Civil Procedure 16(b)(4). For the reasons set forth below, the plaintiff's motion is GRANTED.

### I. Factual Background

Bridgeport alleges that Cutera sent unsolicited faxes in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, the Illinois Consumer Fraud Act, 815 ILCS 505/2, and "the common law." On March 19, 2008, the Court set a discovery schedule stating the parties had until September 22, 2008, to amend the pleadings. On November 4, 2008, Bridgeport filed a motion to amend the proposed class definition in its complaint. Cutera objects to this motion because the deadline to amend the pleadings has passed.

1

## II. Standard of Review

Under Federal Rule 15, courts should "freely give" parties the opportunity to amend their pleadings. Fed. R. Civ. P. 15. But, once a Court issues a discovery schedule and the deadline to amend the pleadings has passed, the party requesting the amendment must satisfy the more exacting standard of Federal Rule 16. *See, e.g., Trustmark Ins. Co. v. Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005). Rule 16(b)(4) states "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When evaluating a motion under Rule 16(b), courts should primarily consider "the diligence of the party seeking amendment." *Trustmark*, 424 F.3d at 553 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III. Analysis

The "good cause" standard is met if the party promptly moves to amend the pleadings after learning facts which provide the basis for the amendment. *See, e.g., Caliber One Indem. Co. v. Millard Chi. Window Cleaning, LLC*, No. 04 C 2424, 2005 U.S. Dist. LEXIS 9964, at *10 (N.D. Ill. May 12, 2005) (finding that "good cause" existed even though the plaintiff filed the motion to amend almost six months after the deadline passed). Here, Bridgeport acknowledges its motion is approximately six weeks late. But, Bridgeport argues for leniency because its lead attorney was on maternity leave through October 16, 2008. Cutera argues the motion should be denied because three other lawyers have appeared on behalf of Bridgeport, and one of those lawyers could have brought the motion in a timely fashion.

As an initial matter, the Court notes that there is little case law on the contours of Federal Rule 16(b)(4). After reviewing the record, the Court finds that the motion to

amend satisfies the requirements set forth in the federal rules. Bridgeport's lead attorney filed this motion approximately three weeks after she returned from maternity leave. Bridgeport filed this motion in advance of the original discovery deadline and before the defendants filed either a motion to dismiss or a motion for summary judgment. Finally, the proposed amendment will not materially change the complexion of the case or alter the legal basis under which Bridgeport seeks relief. In sum, the Court finds that Bridgeport's lead attorney: (1) had a justifiable reason for the delay; (2) diligently sought leave of Court to amend the pleadings; (3) is not acting out of bad faith; and (4) is not proposing an amendment that will prejudice the defendants. Accordingly, the motion to amend the complaint is GRANTED.

IT IS SO ORDERED.

2/26/09
Dated

The Honorable William J. Hibbler
United States District Court

3