UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIDGEPORT PAIN CONTROL CENTER, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> CUTERA, INC., and JOHN DOES 1-10, <br><br> Defendants. | 08 C 1116 <br><br> Judge Hibbler <br><br> Magistrate Judge Brown |

## ORDER FINALLY APPROVING THE SETTLEMENT

On August 27, 2009, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement reached between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant, as memorialized in the Settlement Agreement (the "Agreement").

On April 6, 2010, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Parties' Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Lawsuit.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Agreement including but not limited to the releases in the Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Any objections which were filed, timely or otherwise, have been considered and are overruled. Therefore, all members of the Settlement Class who have not opted out (*i.e.*, all members of the Settlement Class other than those listed on Exhibit A to this order) are bound by this Final Judgment and Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons or entities in the United States or Canada who on or after January 24, 2003, were sent or received one or more faxes or who subscribed to a telephone number to which one or more faxes were sent by or on behalf of Cutera, Inc. promoting its goods or services.

5. The Court finds that certification solely for purposes of Settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and/or fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff, Bridgeport Pain Control Center, Ltd., will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Bridgeport Pain Control Center, Ltd. is designated as representative of the Settlement Class.

7. Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

8. The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights if the Settlement Agreement and this Final Judgment and Order Finally Approving the Settlement do not become effective as provided in the Settlement Agreement.

### Class Notice

9. The Class Notice (as described in the Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuit. The Court has approved the forms of notice to the Settlement Class.

10. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Notice on their firm's website, www.edcombs.com. In addition, publication notice was provided in The Aesthetic Guide on September 21, 2009; and in The Journal of the American Medical Association on October 7, 2009. This Court finds that these forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement

of this lawsuit. A total of 2,405 Class Members submitted valid and timely claim forms. The six late claims submitted by Class Members are allowed and will be considered as valid. Thus, there are a total of 2,411 Claim Forms from Settlement Class Members. Each member of the Settlement Class who submitted a valid claim shall be paid per fax number. Eighty Settlement Class Members identified more than one fax number. In sum, 2,505 fax numbers were identified by 2,411 Settlement Class Members.

### Objections and Opt-Outs

11. No objections were filed by Class Members.

12. A total of 4 persons or entities have validly requested exclusion from the Settlement Class. A list of the persons or entities that have validly opted out of the settlement is attached as Exhibit A.

### Class Compensation

13. In accordance with the terms of the Agreement, Defendant shall pay or cause to be paid the Settlement Amount set forth in paragraph 3 of the Agreement pursuant to the procedures set forth in paragraphs 9 and 10 of the Agreement.

### Releases

14. Upon the payments described in paragraphs 9 and 10 of the Agreement, Plaintiff and each Settlement Class member shall be deemed to have granted the releases set forth in paragraphs 11 and 12 of the Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

15. The Court has considered Settlement Class Counsel's application for attorneys' fees and costs. The Court awards $285,000, and finds this amount of fees and costs to be fair

and reasonable, and finds that the costs are sufficiently supported. This amount shall be paid from the Settlement Fund.

16. The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $5,000 to Bridgeport Pain Control Center, Ltd. The Court finds that this payment is justified by the class representative's service to the Settlement Class. These payments shall be made from the Settlement Amount.

### Other Provisions

17. The Parties to the Agreement shall carry out their respective obligations thereunder.

18. In the event that (i) the Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Agreement, the Preliminary Approval Order, and this Order Finally Approving the Settlement do not for any reason become effective; or (iv) the Agreement, Preliminary Approval Order, and Order Finally Approving the Settlement are reversed, vacated, or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) the instant actions shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Agreement, this Order Finally Approving the Settlement shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata or collateral estoppel shall not be applied.

19. Neither the Agreement, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce the terms of the Agreement or except as may be required by law or court order.

20. The Court directs the Defendant to deliver the Settlement Fund to Settlement Class Counsel within 14 days of the date this order is entered. Within 10 days after receipt of the Settlement Fund, Plaintiff shall present an order dismissing the lawsuit with prejudice and without costs.

21. The Court orders Settlement Class Counsel to hold the Settlement Fund in the firm's escrow account until the Effective Date of the Settlement Agreement and then deliver the Settlement Fund to the Administrator, less attorney's fees and costs approved by the Court, less any incentive award to Plaintiff approved by the Court, within 3 business days of the Effective Date. In the event that the order of Final Approval is withdrawn or vacated by this Court or reversed on appeal, Settlement Class Counsel shall return the Settlement Fund to the Defendant within 3 business days.

22. The parties designate the following as *cy pres* recipients: The Legal Assistance Foundation of Metropolitan Chicago and the San Francisco Exploratorium. Defendant's Administrator to provide checks payable to these charities to Settlement Class Counsel for distribution 30 days after the void date on the Settlement Class Members' checks. Settlement

Class Counsel to mail the checks, if any, to the *cy pres* recipients 40 days after the void date on the Settlement Class Members' checks.

23. Defendant's Administrator to file an affidavit of accounting on November 12, 2010. Plaintiff may file a memorandum in support of final accounting of the settlement on November 16, 2010.

24. A hearing on the Final Accounting of the Settlement will be held on __DEC. 8__, 2010 at __9:30 A.M.__.

Dated: __4/6/10__

__[signature] Wm. J. Hibbler__
Judge

# EXHIBIT A

**List of Class Members Who Requested to Opt Out of Class Settlement**

Bridgeport Pain Control Center, Ltd. v. Cutera, Inc., and John Does 1-10
08 C 1116

| # | Fax | Name | Address | City | State | Zip | Country | Phone |
|---|---|---|---|---|---|---|---|---|
| 1 | 9365985059 | Keith E. Miller, M.D. | 620 Tenaha Street | Center | TX | 75935 | USA | 9365982716 |
| 2 | 2507637546 | Charles Russell Knight, MD | 26 Caro Rd. | Kelowna | B.C. | V1V 1C3 | Canada | 2507637791 |
| 3 | 8643312510 | Caroline R. Price, MD, PA | 10 Enterprise, Ste. 107 | Greenville | SC | 29615 | USA | 8643312505 |
| 4 | 8642252349 | James H. Kopp, MD, PA | 301 E. Greenville Street | Anderson | SC | 29621 | USA | 8642245689 |